Paul J. MAY, Lucille C. May, Hubert Byrne, Dennis G. Crist, Sherry L. Crist, James J. McDonald, Janet L. McDonald, Walter Paul Leu, Shirley M. Leu, Donald P. Wedig, Cyrilla J. Wedig, Gordon A. Smith, Kathleen C. Smith, Ronald L. Bader, Robert J. Crist, and others similarly situated, Plaintiffs-Respondents,†

v.

TRI-COUNTY TRAILS COMMISSION, Defendant-Appellant.

Court of Appeals

*No. 97–0588. Oral argument December 17, 1997.—Decided June 25, 1998.*

(Also reported in 583 N.W.2d 878.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert Horowitz* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *John F. Jenswold* of *Jenswold, Studt & Hanson* of Madison.

Brief of nonparty was filed by *Waltraud A. Arts* of *Quarles & Brady* of Madison, on behalf of Rails-to-Trails Conservancy.

Before Eich, C.J., Dykman, P.J., and Roggensack, J.

ROGGENSACK, J. Tri-County Trails Commission appeals a declaratory judgment which concluded that § 192.33, STATS., requires Tri-County Trails to fence the recreational trail which it maintains on a railroad right-of-way adjacent to Plaintiffs' properties. Because we conclude that the plain meaning of § 192.33 requires fencing only when one is "operating" a railroad, and because there is no evidence that Tri-County Trails is doing so, we reverse the order of the circuit court and remand for dismissal of the action.

## BACKGROUND

Tri-County Trails maintains a recreational trail on a former railroad right-of-way pursuant to the provisions of 16 U.S.C. § 1247(d). Federal law allows a recreational trail to make use of a railroad right-of-way so long as the ownership of the right-of-way remains with the railroad to enable conversion to railroad use should such a need arise. Tri-County Trails has never

operated a railroad and there is nothing in the record suggesting that it has any intention of doing so. Rather, the record reflects that the rails necessary for a train's use have been removed from the section of the right-of-way which Tri-County Trails uses for its recreational purposes. The Plaintiffs own land adjoining the railroad right-of-way, which right-of-way is owned by Pecatonica Rail Transit Commission.

Under an agreement between Pecatonica and Tri-County Trails, Pecatonica delivered possession of the railroad right-of-way on a temporary basis to Tri-County Trails for recreational use, subject to Pecatonica's right of repossession sufficient to satisfy federal law. Tri-County Trails assumed full responsibility for the management and use of the right-of-way, including compliance with all federal and state laws, local ordinances and contracts.

This appeal arises from the second action the Plaintiffs have filed against Tri-County Trails. The first action was dismissed because the Plaintiffs had not complied with § 893.80(1)(b), STATS. On July 18, 1996, we affirmed the judgment dismissing that case, but we provided that the dismissal was without prejudice. Our ruling was based entirely on § 893.80(1)(b) and did not address § 192.33, STATS.

The complaint, in paragraphs relevant to this appeal, requested an order compelling Tri-County Trails to fence its recreational trail as it runs through Plaintiffs' properties, pursuant to § 192.33, STATS., and an order directing that the trail be closed until the fencing is complete.[1] The answer denied any obligation to fence and asserted that Tri-County Trails' use of the right-of-way was lawful. The circuit court granted

---

[1] The Plaintiffs also requested certain monetary damages which are not relevant to the resolution of this appeal.

declaratory judgment to the Plaintiffs, concluding that § 192.33 required the fencing the Plaintiffs had requested. This appeal followed.

## DISCUSSION

**Standard of Review.**

■
Whether issue preclusion applies to an undisputed set of facts is a question of law which this court reviews *de novo*, without deference to the circuit court. *Amber J.F. v. Richard B.*, 205 Wis. 2d 510, 515, 557 N.W.2d 84, 86 (Ct. App. 1996) (citing *Lindas v. Cady*, 183 Wis. 2d 547, 552, 515 N.W.2d 458, 460 (1994)).

This case also presents a question of statutory interpretation, which we review *de novo*. *Patients Compensation Fund v. Lutheran Hosp.*, 216 Wis. 2d 49, 52, 573 N.W.2d 572, 574 (Ct. App. 1997).

**Issue Preclusion.[2]**

The Plaintiffs claim that Tri-County Trails is barred by the doctrine of issue preclusion from contesting that it has an obligation to fence the railroad right-of-way because its obligation in that regard was decided by the circuit court prior to the first appeal in this case. Tri-County Trails asserts issue preclusion is not applicable.

---

[2] Recently, the supreme court has clarified the doctrine of collateral estoppel, which it renamed "issue preclusion." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 549–50, 525 N.W.2d 723, 727 (1995). Therefore, we adopt the nomenclature established by the supreme court.

Issue preclusion is a doctrine of judicial administration which "has the dual purpose of protecting litigants from the burden of relitigating an identical issue, in certain circumstances, and of promoting judicial economy by preventing needless litigation." *Amber J.F.*, 205 Wis. 2d at 517, 557 N.W.2d at 87 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Issue preclusion requires the actual litigation of an issue which is necessary to the outcome of the first action. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995). The burden of establishing that issue preclusion should be applied in any given instance is on the party seeking its benefits. *Amber J.F.*, 205 Wis. 2d at 518, 557 N.W.2d at 87 (citing *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 389, 260 N.W.2d 727, 734–35 (1978)).

Issue preclusion employs a flexible analysis based on fundamental fairness. *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327, 330–31 (1993). *Michelle T.*'s five-part test "is bottomed in guarantees of due process which require that a person must have had a fair opportunity procedurally, substantively and evidentially to pursue the claim before a second litigation will be precluded." *Amber J.F.*, 205 Wis. 2d at 520, 557 N.W.2d at 88.

██

In the case at hand, the first time the matter was before the circuit court it dismissed the action with prejudice because the Plaintiffs had failed to comply with § 893.80, STATS. We reviewed that decision and agreed that the action had not been properly commenced because the Plaintiffs had not complied with § 893.80(1)(b). However, we reversed the circuit court in regard to the prejudicial nature of the § 893.80(1)(b)

deficiency, concluding the dismissal should have been without prejudice. Our decision did not construe § 192.33, STATS. We note that prior to dismissing the first action, the circuit court did discuss the obligation to fence. However, that determination was not "necessary" to its decision. The dismissal was based solely on § 893.80. Therefore, the issue of a fencing obligation does not meet a threshold criterion necessary to begin an analysis of whether issue preclusion may be applied. Based on what previously occurred in the circuit court and in this court, we conclude that issue preclusion does not bar Tri-County Trails from appealing the statutory interpretation of the circuit court.

## Statutory Construction.

When we are asked to apply a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997) (citing *Katie T. v. Justin R.*, 204 Wis. 2d 401, 407, 555 N.W.2d 651, 654 (Ct. App. 1996)). In attempting to determine the intent of the legislature, we begin with the plain meaning of the language used in the statute. *Truttschel*, 208 Wis. 2d at 365, 560 N.W.2d at 317. If the language of the statute clearly and unambiguously sets forth the legislative intent, our inquiry ends, and this court must apply that language to the facts of the case. However, if the language used in the statute is capable of more than one meaning, this court will determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object which the legislature intended to accomplish. *Truttschel*, 208 Wis. 2d at 365, 560 N.W.2d at 317 (citing *Chicago and N.W. Transp. Co. v. Office of*

*Comm'r of Railroads*, 204 Wis. 2d 1, 7, 553 N.W.2d 845, 848 (Ct. App. 1996)).

Central to our decision is the construction of § 192.33, STATS. It states in relevant part:

> (1) Every corporation operating any railroad shall erect and maintain on both sides of its road ... sufficient fences with openings or gates or bars therein, and suitable and convenient farm crossings for the use of the occupants of the lands adjoining
> . . . .
>
> (2) All roads shall be so fenced and cattle guards be made one month from the time of commencing to operate the same, so far as operated.

The supreme court has interpreted the fencing obligation imposed by § 192.33, concluding that in order to "operate a railroad," the company must be transporting goods and passengers by use of the rails. *Nordean v. Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.*, 148 Wis. 627, 636, 135 N.W. 150, 151 (1912).

Tri-County Trails urges us to apply the plain words of the statute, giving them their ordinary meaning. It contends *Nordean*, which held that even the movement of railroad cars back and forth on the rail line during the course of construction was not "operating" a railroad within the meaning of the statute, demonstrates that the statutory fencing obligation is narrow and not applicable to all activities which occur on the right-of-way. The Plaintiffs urge us to accept the circuit court's broad interpretation of the statute and conclude that if the fencing obligation under § 192.33, STATS., was meant to protect against unintended interactions between railroad cars and persons and animals frequenting the area of the railroad right-of-way, then that obligation should also be applied when the same

736

railroad right-of-way is used for bicycles or other kinds of recreation.

██

The statutory language of § 192.33, STATS., is plain. It imposes a fencing obligation on those who operate any railroad. However, there is not even a contention that Tri-County Trails is operating a railroad. Additionally, any gloss placed on the statutory obligation to fence by the supreme court's interpretation in *Nordean* narrows the scope of activities which we may conclude constitutes "operating" a railroad. While we are not unmindful of the intrusive nature of certain recreational activities that may occur on the right-of-way and while we appreciate that there is a certain logic to the circuit court's broad interpretation, we are not free to rewrite the statute to achieve the extension of the obligation to fence urged by the Plaintiffs. That is a task reserved to the legislature. *La Crosse Lutheran Hosp. v. La Crosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986). Therefore, applying the plain meaning of the words chosen by the legislature, we conclude that Tri-County Trails has no obligation to maintain a fence along the railroad right-of-way, when it is not using the right-of-way to operate a railroad as those terms have been defined in *Nordean*.

## CONCLUSION

The statements of the circuit court regarding Tri-County Trails' obligation to fence, made prior to the dismissal of the initial complaint, were neither conclusions nor findings necessary to its decision to dismiss; therefore, issue preclusion does not bar Tri-County Trails from seeking review from this court of its obligation under § 192.33, STATS., relative to the recreational

trail which it maintains on the Pecatonica railroad right-of-way. Additionally, we conclude that because there is no evidence that Tri-County Trails is operating a railroad, § 192.33, STATS., does not impose an obligation to fence the right-of-way. And finally, because of our decision on those first two issues, we do not reach the other questions posed by the appellant, *i.e.*, whether the office of the commissioner of railroads has primary jurisdiction over the Plaintiffs' claims and whether § 192.33 is preempted by 16 U.S.C. § 1247(d).

The judgment of the circuit court is reversed and the matter is remanded for dismissal of the claims of the Plaintiffs.

*By the Court.*—Judgment reversed and cause remanded.