Robert PASKO, Scott Warren, Michael Wolfgram, Elizabeth Pridmore-Dahlke, Patrick LaBelle, Gertie Gilliam, Terese Ulickey, Henry Zimmerman, Anna Merhalski, Alfonso Salinas, Richard Thompson, Jean Docter, Charlene Guiliani, Harold Davis, David Granica, Audrey Warren, Mary Sikora, Linda Scholler, Joseph Suttle, Vicki Kakonis, Jeanne Sirna, Timothy Ridgway, Pamela Holmes and the Milwaukee Police Association, Plaintiffs-Appellants,

v.

CITY OF MILWAUKEE, Board of Fire and Police Commissioners City of Milwaukee, Milwaukee Employes' Retirement System and Annuity and Pension Board and Milwaukee Police Chief Arthur Jones, in his official capacity, Defendants-Respondents.†

Court of Appeals

*No. 99–2355. Submitted on briefs November 7, 2000.—Decided December 19, 2000.*

2001 WI App 55

(Also reported in 624 N.W.2d 859.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *John F. Fuchs* and *Marcia A. Snow* of *Fuchs Snow DeStefanis, S.C.*, of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Leonard A. Tokus*, assistant city attorney.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. CURLEY, J. The Milwaukee Police Association (MPA), appeals the grant of summary judgment to the City of Milwaukee et al. (the City) and the denial of its summary judgment motion.[1] On appeal, the MPA argues that the trial court erred in dismissing its cause of action because: (1) there was no privity between the MPA and the twenty-three officers who brought the original suit and, thus, the doctrine of claim preclusion does not bar the MPA from maintaining the instant action, and (2) the MPA was entitled to a writ of mandamus compelling the City to promote qualified officers

---

[1] The defendants-respondents are the City of Milwaukee; the City of Milwaukee Board of Fire and Police Commissioners; Milwaukee Employes' Retirement System and Annuity and Pension Board; and Milwaukee Police Chief, Arthur Jones, in his official capacity.

to the rank of Police Alarm Operator under WIS. STAT. § 62.50(9) (1997–98).[2] We reverse and direct the trial court to grant the writ of mandamus.

## I. BACKGROUND.

¶ 2. Milwaukee Police Officer Robert Pasko, twenty-two other current and former Milwaukee Police Officers, and the MPA filed this action following this court's decision in *Pasko et al. v. City of Milwaukee et al.*, 222 Wis. 2d 274, 588 N.W.2d 642 (Ct. App. 1998), which determined that the officers were entitled to back-pay because they were assigned the duties of Police Alarm Operator and the City breached its collective bargaining agreement with them by permanently underfilling the rank of Police Alarm Operator rather than filling their positions by promotion. The MPA is a labor union and the certified collective bargaining unit for all City of Milwaukee Police Officers in non-supervisory ranks, including the twenty-three officers who originally brought both actions. The MPA represented the individually named officers, as well as the rest of its

---

[2] The original plaintiffs in this case were twenty-three individually named current or former Milwaukee Police Officers as well as the Milwaukee Police Association. The notice of appeal indicates that the individually named officers and the MPA appealed from the trial court's order; however, in the brief to this court, counsel representing both the officers and the MPA indicated that they "must concede that the 23 individually named plaintiffs in this action were also the plaintiffs in *Pasko et al. v. City of Milwaukee et al.*, 222 Wis. 2d 274, 588 N.W.2d 642 (Ct. App. 1998), and are barred from this action." Therefore, we shall only address the trial court's ruling as it affects the MPA.

All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

member officers, in negotiating the collective bargaining agreement at issue in the first case; however, it was not a named party in that action. In the instant case, the MPA is seeking to compel promotions to the rank of Police Alarm Operator for officers qualified to hold the rank, including, but not limited to, the individually named officers.

¶ 3. The relevant facts are set forth at length in the previous opinion, and remain undisputed. The City underfilled the Police Alarm Operator positions in the Milwaukee Police Department and assigned officers holding a lesser rank to perform the duties of Police Alarm Operators on a permanent basis without compensating the officers accordingly or promoting anyone to that rank since 1986. The trial court in the first case noted that:

> "There is no applicable legal definition of the term underfilling in statutes or case law and the contract is silent on the issue. . . . The undisputed facts . . . indicate that underfilling is used by the department normally on an occasional and temporary basis. The facts presented indicate that the department has chosen to not permanently promote officers to the Police Alarm Operator position, and instead continuously underfills the position with both long term and short term Police Officer replacements. The duties performed by these replacement[s] are substantially the same as those performed by the properly promoted Police Alarm Operators who receive the higher rate of pay."

*Id.* at 278 (quoting the trial court's decision granting summary judgment in the original action). Further the trial court found that:

> "Underfilling in and of itself is a permissible practice when done on an occasional and temporary basis[.] [H]owever[,] when coupled with an undisputed, yet unofficial, policy of not promoting anyone to those positions on a permanent basis, [it] stops being temporary underfilling, and turns into a permanent practice that violates the terms of the contract."

*Id.* (quoting the trial court's decision).

¶ 4. In that case, the trial court awarded back-pay to the officers, finding that by underfilling the ranks of Police Alarm Operators, the City breached the terms of the collective bargaining agreement. This court upheld the award of back-pay. We adopted the trial court's analysis and determined that the City attempted to "circumvent [its] contractual compensation obligations" by improperly reclassifying the officers. *Id.* at 282. Subsequently, the officers and the MPA brought this mandamus action seeking to compel the City to fill the vacancies in the Police Alarm Operator position by either promotion of the individually named officers, or other qualified officers.

¶ 5. The City, as well as the officers and the MPA, filed summary judgment motions. Relying on the earlier case, the trial court found that the doctrine of claim preclusion barred the officers and the MPA from bringing the subsequent action. The trial court noted that although the MPA was not a named party in the earlier case, it was in privity with the officers and, therefore, it also was barred from maintaining the subsequent action. Based on its findings, the trial court denied the officers' and the MPA's summary judgment motion and granted the City's summary judgment motion dismissing the case.

## II. ANALYSIS.

¶ 6. Our review of the trial court's grant of summary judgment is *de novo*. *See Green Springs Farms v. Kersten*, 136 Wis. 2d 304, 315–16, 401 N.W.2d 816 (1987). We use the same summary judgment methodology as the trial court. *See id*. That methodology has been described in many cases, *see e.g., Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473 (1990), and need not be repeated here. Summary judgment must be granted if the evidentiary material demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. RULE 802.08(2).

¶ 7. On appeal, the MPA argues that the doctrine of claim preclusion does not bar it from bringing the instant action because, contrary to the trial court's finding, it is not in privity with the individually named officers. The MPA also argues that pursuant to WIS. STAT. § 62.50(9), it is entitled to a writ of mandamus compelling the City to promote qualified police officers to the rank of Police Alarm Operator. Therefore, the MPA concludes that the trial court erred in granting summary judgment in favor of the City. We agree with the MPA on both issues.

A. Claim preclusion does not apply.

¶ 8. Here, the trial court found:

In this case, it is undisputed that the MPA is the collective bargaining agent that negotiated the contract that is at the heart of both this case and the prior case and [the MPA] admittedly was not a party in the first case but certainly to say that the . . . individually-named plaintiffs are barred but the

representative and agent is not would be to put form over substance.

The trial court further determined that there existed "such an interrelationship of the parties and the issues that are being raised," that the MPA and the officers were in privity. Therefore, the trial court found that, although the MPA was not a party to the preceding action, the doctrine of claim preclusion acted to bar it from the instant action. We disagree.

¶ 9. Our supreme court has instructed that, "under claim preclusion 'a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings.' " *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citation omitted). "[C]laim preclusion is 'designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.' " *Id.* (citation omitted). The supreme court further specified that:

> In order for the earlier proceedings to act as a claim-preclusive bar in relation to the present suit, the following factors must be present: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction.

*Id.* at 551.

¶ 10. Contrary to the trial court's ruling, there was no privity between the officers who brought the preceding suit and the MPA. "In order to be in privity with a party to a judgment, one must have such absolute identity of interests that the party to the earlier

action represented the same legal interest as the non-party to that first action." *Amber J.F. v. Richard B.*, 205 Wis. 2d 510, 516, 557 N.W.2d 84 (Ct. App. 1996). The officers and the MPA do not share the requisite "absolute identity of interests."

¶ 11. Although the interests of the officers and the MPA are overlapping, they are not identical. In both the preceding action and the instant action, the individually named officers' interests were exclusively personal. In the first suit, "[t]he officers sought to recover the difference between their compensation as police officers and the higher compensation they would have received as police alarm operators," as well as "promotion to the rank of police alarm operators." *Pasko*, 222 Wis. 2d at 277–78. However, in the instant action, while the MPA's interests include the promotion of the individually named officers as MPA members, its interests extend beyond the litigating officers to the rest of its members qualified to hold the rank of Police Alarm Operator. In other words, the MPA is seeking to compel the City to promote any of its qualified member-officers, not necessarily the incumbent officers. Consequently, this court is unable to conclude that the officers and the MPA share "such [an] absolute identity of interests" that the officers represented the same interests in the preceding suit that the MPA represents here. Therefore, the MPA is not in privity with the officers and it is not barred from bringing this cause of action.

B. Mandamus should be granted.

¶ 12. The MPA also argues that it is entitled to a writ of mandamus compelling the City to fill the vacancies in the rank of Police Alarm Operator by promoting

235

qualified officers. Specifically, the MPA asserts that the collective bargaining agreement, in effect, established the rank of Police Alarm Operator as a separate and distinct rank from that of Police Officer. The MPA contends that the City is required to fill vacancies in the rank of Police Alarm Operator by promoting qualified officers pursuant to WIS. STAT. § 62.50(9), which, in pertinent part, provides:

> All vacancies in either department shall be filled and all new appointments shall be made by the respective chiefs with the approval of the board. Where vacancies in old offices or newly created offices can, with safety to the department, be filled by the promotion of officers or persons already in the service and who have proved their fitness for the promotion, the vacancies in newly created offices shall be so filled by promotion by the respective chiefs with the approval of the board.

The MPA concludes that, under the collective bargaining agreement and the plain language of the statute, the City is obligated to promote qualified officers to fill the rank of Police Alarm Operator and, therefore, it is entitled to a writ of mandamus compelling the promotions.[3] We agree.

---

[3] In its decision, the trial court purported to dismiss the action without reaching the merits. However, the MPA correctly notes that, "[w]hile the trial court stated that it was not ruling on the merits of this action, instead granting summary judgment to [the City] on the basis of claim preclusion, it summarily stated that [WIS. STAT. § 62.50 (9)] merely authorizes a police chief to fill a vacant position, 'but does not require it.' " Because the facts of the case are not in dispute, and because the trial court did, in fact, comment on the merits of the case, we shall likewise reach the merits of the MPA's claim.

¶ 13. Our supreme court has determined that a writ of mandamus may be used to compel public officers " 'to perform duties arising out of their office and presently due to be performed.' " *Law Enforcement Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 494, 305 N.W.2d 89 (1981) (citation omitted). "[H]owever, the duty to act must be clear and unequivocal," otherwise " 'when the duty is not clear and unequivocal and requires the exercise of discretion,' " courts may not " 'compel action through mandamus.' " *Id*. (citation omitted). In order for a writ of mandamus to be issued, four prerequisites must be satisfied: "(1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and (4) no other adequate remedy at law." *Id*. We conclude that the MPA has satisfied the prerequisites.

¶ 14. WISCONSIN STAT. § 62.50(9), in conjunction with the collective bargaining agreement, satisfies the first and second prerequisite. The plain language of § 62.50(9) places a "positive and plain duty" upon the City to fill the vacancies in the Police Alarm Operator rank through promotion. "The primary source for the construction of a statute is the language of the statute itself." *State v. Dean*, 163 Wis. 2d 503, 510, 471 N.W.2d 310 (Ct. App. 1991). When the statutory language is clear and unambiguous, we arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *See id*. Section 62.50(9) indicates that "[a]ll vacancies . . . *shall* be filled," and that where vacancies can be filled by promotion, "the vacancies . . . *shall* be so filled." WIS. STAT. § 62.50(9) (emphasis added). The statute's use of the word "shall" as opposed to "may" places a ministerial, rather than a discretion-

ary, obligation on the City to fill vacancies within a reasonable time whenever possible via promotion. *See State v. McKenzie*, 139 Wis. 2d 171, 176–77, 407 N.W.2d 274 (Ct. App. 1987). Therefore, we conclude that § 62.50(9) requires the City to take reasonable steps to promote qualified officers in order to fill available Police Alarm Operator positions, thus creating a "positive and plain duty."

¶ 15. We also conclude that the members of the MPA have "a clear legal right" to the promotions. Article 2.1 of the collective bargaining agreement between the City and the MPA identifies the separate and distinct ranks of Police Officer and Police Alarm Operator. The preamble to the collective bargaining agreement evinces the intent of both the City and the MPA to be bound by the agreement. In the first *Pasko* case, this court determined that the City had a "contractual obligation to either promote [the individually named officers] or other officers to the [position of police alarm operator]." *Pasko*, 222 Wis. 2d at 276. We held that the City "unlawfully circumvented its contractual compensation obligations" by requiring police officers to perform the duties of Police Alarm Operators without promoting them accordingly. *Id.* at 276. Based upon our holding in the previous case, and the collective bargaining agreement, we are satisfied that any of the MPA's member officers that the City determines are qualified to fill vacancies in the position of Police Alarm Operator have a "clear and legal right" to receive official promotion to that rank according to the dictates of WIS. STAT. § 62.50(9). For these reasons, we conclude that the MPA has satisfied the first two prerequisites.

¶ 16. Next, absent a writ of mandamus compelling the City to fill vacancies in the Police Alarm Operator position by promoting qualified officers, the

officers assigned to perform the duties will suffer "substantial damages" in the form of reduced retirement benefits. An officer's retirement benefits, pension, etc., are determined according to the official rank held by the officer upon retirement. Therefore, if qualified officers performing the duties of a Police Alarm Operator are not officially promoted to that rank, they will be forced to collect reduced benefits when they retire. Obviously such an outcome would inflict "substantial damages" on the officers affected.

¶ 17. Finally, the MPA possesses "no other adequate remedy at law." Despite the City Board of Fire and Police Commissioners' recommendation that vacancies in the rank of Police Alarm Operator be filled via promotion, there have been no promotions to that rank since 1986. Currently, there are vacancies in the Police Alarm Operator position, some of which are being filled by temporary applicants, and others that remain unfilled. The record is devoid of any evidence upon which this court could conclude that the Police Chief intends to discontinue the fourteen-year-old practice of underfilling these vacancies rather than promoting qualified officers. Moreover, while the first *Pasko* case requires the City to compensate the officers assigned the duties of a Police Alarm Operator commensurate with that rank, the decision did not require the City to promote the individually named officers involved in that case or any other qualified officers. Absent a writ of mandamus compelling the City to fill vacancies in the rank of Police Alarm Operator via promotion instead of underfilling the available positions, the MPA possesses no other adequate remedy at law.

¶ 18. For all of the above stated reasons, we conclude that the MPA is entitled to a writ of mandamus compelling the City to fill available positions in the rank of Police Alarm Operator by promoting qualified officers, rather than underfilling the position. Accordingly, we reverse the judgment of the circuit court and remand for entry of a writ of mandamus consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.