In re the Marriage of:

Daniel T. W., Petitioner-Appellant,

v.

Joni K. W., Respondent-Respondent.

Court of Appeals

*No. 2008AP902. Submitted on briefs October 8, 2008.
—Decided November 20, 2008.*

2009 WI App 13

(Also reported in 762 N.W.2d 444.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Vickie Zick* of *Zick & Weber Law Offices, LLP*, Johnson Creek.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Thomas J. Monogue* of *Monogue & Associates, S.C.*, Jefferson.

Before Higginbotham, P.J., Dykman and Bridge, JJ.

¶ 1. DYKMAN, J. Daniel T.W. appeals from a judgment of divorce adjudicating him the father of Kristopher M.W. Daniel contends that a prior court order

dismissing child support proceedings against him and finding that he is not Kristopher M.W.'s biological father precludes a contrary paternity determination. Kristopher M.W., by his guardian ad litem, argues that Daniel is his father based on an acknowledgment of parentage form that Daniel signed at the time of Kristopher M.W.'s birth.[1] We conclude that Daniel is bound by the acknowledgement of parentage form under the facts of this case. We affirm.

## *Background*

¶ 2. The following facts are undisputed. Joni K.W. gave birth to Kristopher M.W. in Michigan in February 2000. Joni and Daniel T.W. signed a Michigan Affidavit of Parentage despite their knowledge that Daniel was not Kristopher M.W.'s biological father. Daniel and Joni then married in Michigan and subsequently relocated to Wisconsin.

¶ 3. In February 2001, Daniel and Joni separated. Joni and Kristopher M.W. returned to Michigan, while Daniel remained in Wisconsin. In May 2001, Wisconsin responded to Michigan's request to compel Daniel to pay child support for Kristopher M.W. by filing a child support petition in Jefferson County Circuit Court. Joni and Daniel appeared pro se in the 2001 action; Kristopher M.W. was not a party and was not represented by a guardian ad litem.

¶ 4. During the 2001 action for child support, Joni and Daniel stipulated to genetic testing, and the court issued an order for the test. Based on the results of the test, the trial court found that Daniel was not Kristopher M.W.'s father and dismissed the action.

---

[1] Joni K.W., Kristopher M.W.'s mother and the respondent in this case, has not filed a response brief and does not join in Kristopher M.W.'s brief.

¶ 5. In January 2006, Daniel filed this action for divorce. Joni and Daniel filed a Marital Settlement Agreement with the trial court, which did not include provisions for Kristopher M.W.'s support. The court rejected the Marital Settlement Agreement because it had not been approved by the Jefferson County Child Support Agency, which required provisions for Kristopher M.W. based on the Michigan Affidavit of Parentage. The court appointed a guardian ad litem for Kristopher M.W. and ordered the parties to brief the issue of Daniel's paternity of Kristopher M.W. After a hearing, the court found that the Michigan Affidavit established that Daniel is Kristopher M.W.'s father and that the 2001 court had erroneously found that he was not. Daniel appeals.

## Standard of Review

¶ 6. The parties dispute the application of various statutes to the facts of this case in determining Daniel's paternity of Kristopher M.W. Thus, this case presents questions of statutory interpretation and application to undisputed facts, which we review de novo. *See Randy A. J. v. Norma I. J.*, 2004 WI 41, ¶ 12, 270 Wis. 2d 384, 677 N.W.2d 630. If statutory language is plain, we apply that language without resort to extrinsic sources. *Shannon E. T. v. Alicia M. V.M.*, 2007 WI 29, ¶ 39, 299 Wis. 2d 601, 728 N.W.2d 636. Finally, the paternity of a child is a question of fact. *Id.*, ¶ 40. We will not set aside a trial court's factual finding unless it is clearly erroneous. WIS. STAT. § 805.17(2) (2005–06).[2]

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## Discussion

¶ 7. Daniel argues that the trial court erred in adjudicating Daniel Kristopher M.W.'s father because the 2001 support action precludes that determination.[3] Kristopher M.W. argues that the Michigan Affidavit of Parentage has adjudicated Daniel as Kristopher M.W.'s father, and that no subsequent action has overcome that adjudication. We agree with Kristopher M.W.

¶ 8. We begin with the Michigan Affidavit of Parentage, which Daniel signed at the time of Kristopher M.W.'s birth. The Affidavit of Parentage declares that Daniel is Kristopher M.W.'s biological father. Several Wisconsin statutes establish the significance of the Michigan Affidavit of Parentage in this case. First, Wis. Stat. § 767.041(1)(b) dictates that "[f]ull faith and credit shall be given in all courts of this state to a determination of paternity made by any other state, whether established through voluntary acknowledgement or an administrative or judicial process." Wisconsin Stat. § 767.805(1) states that "[a] statement acknowledging paternity that is on file with the state registrar under s. 69.15(3)(b)3. after the last day on which a person may timely rescind the statement, as

[3] Daniel argues specifically that the trial court erred in interpreting provisions of Wis. Stat. ch. 767 to declare Daniel Kristopher M.W.'s father and in using Wis. Stat. § 806.07 to provide relief from the 2001 order to the contrary. We need not determine whether the trial court's interpretation of the statutes was correct, as we review statutes independently. *See Randy A. J. v. Norma I. J.*, 2004 WI 41, ¶ 12, 270 Wis. 2d 384, 677 N.W.2d 630. Also, we need not reach the question of whether relief from a judgment under § 806.07 is proper on the facts of this case. On our de novo review, we examine all of the events leading to this action, including the 2001 order, in determining Daniel's paternity of Kristopher M.W.

specified in s. 69.15(3m), is a conclusive determination, which shall be of the same effect as a judgment, of paternity."[4] Finally, Wis. Stat. § 767.89(1) states that "[a] judgment or order of the court determining the existence or nonexistence of paternity is determinative for all purposes." Thus, the Michigan Affidavit of Parentage is a conclusive determination of paternity in Wisconsin.[5]

¶ 9. Daniel argues, however, that the 2001 Wisconsin child support order voided the Michigan Affidavit of Parentage and precludes the paternity determination in this case. Under Wis. Stat. § 767.805(5)(a), "[a] determination of paternity that arises under [a voluntary acknowledgement of paternity] may be voided at any time upon a motion or petition stating facts that show fraud, duress or a mistake of fact." Paragraph (b) provides that "[i]f a court in a proceeding under par. (a) determines that the male is not the father of the child .... [n]o paternity action may thereafter be brought against the male with respect to the child." Daniel argues that the finding that Daniel is not Kristopher M.W.'s father in the 2001 case establishes that the Michigan Affidavit of

---

[4] Under Wis. Stat. § 69.15(3m)(a)3., when certain criteria are met, a party may rescind an acknowledgement of paternity within sixty days of filing. Daniel does not assert that he or Joni made any attempt to rescind the Affidavit of Parentage at any time. Thus, the sixty-day period has elapsed and the Affidavit of Parentage is a conclusive determination of parentage.

[5] The parties also dispute whether there is a presumption of Daniel's paternity of Kristopher M.W. under Wis. Stat. § 891.41 (entitled "Presumption of paternity based on marriage of the parties") or Wis. Stat. § 891.405 (entitled "Presumption of paternity based on acknowledgment"). Because we conclude that the facts of this case conclusively establish Daniel's paternity of Kristopher M.W., we need not address whether there is a presumption of his paternity.

186

Parentage must have been based on fraud or mistake of fact. We disagree.

¶ 10. The problem with Daniel's argument is that there is no indication in the record that the action in 2001 was based on a motion or petition stating facts showing fraud, duress, or a mistake of fact. Indeed, the undisputed facts of this case show that none of the three would have applied. Daniel knew at the time he signed the Affidavit of Parentage that he was not Kristopher M.W.'s father, and thus any fraud in signing the affidavit was perpetrated by, and not against, Daniel. He therefore may not benefit from that fraud. *See State v. Jones*, 2002 WI App 208, ¶ 13, 257 Wis. 2d 163, 650 N.W.2d 844 (stating that to allow a criminal defendant to benefit from a fraud he or she perpetrated on the court "would strike at the very heart of our justice system which is based upon the honesty and truth of its participants"). There are no facts to support a claim of duress. Finally, Daniel could not have claimed mistake of fact when he and Joni both knew he was not Kristopher M.W.'s father. Thus, although the 2001 court order does state that Daniel is not Kristopher M.W.'s biological father, it did not void the Michigan Affidavit of Parentage under WIS. STAT. § 767.805(5)(a). Because the 2001 court order did not void the affidavit in declaring that Daniel is not Kristopher M.W.'s father, this paternity action is not precluded by § 767.805(5)(b).

¶ 11. Daniel next argues that the 2001 paternity determination is binding on the parties to this action because all paternity determinations are final. He argues that WIS. STAT. § 767.805(5)(b) was enacted in 1997 to overrule three cases allowing paternity actions by children who had been unrepresented in previous pa-

ternity proceedings:[6] *Amber J.F. v. Richard B.*, 205 Wis. 2d 510, 557 N.W.2d 84 (Ct. App. 1996), *Mayonia M.M. v. Keith N.*, 202 Wis. 2d 460, 551 N.W.2d 31 (Ct. App. 1996), and *Chad M.G. v. Kenneth J.Z.*, 194 Wis. 2d 689, 535 N.W.2d 97 (Ct. App. 1995). Daniel also points to WIS. STAT. § 891.39(3) (a paternity proceeding determining that a husband is not the father of a nonmarital child is conclusive on all other courts) and WIS. STAT. § 767.89(1) ("[a] judgment or order of the court determining the existence or nonexistence of paternity is determinative for all purposes") as establishing that paternity determinations preclude any further action. Daniel asserts that a child may no longer bring a paternity action based on having been unrepresented at an original paternity proceeding.

¶ 12. Kristopher M.W. responds that the language in both WIS. STAT. § 891.39(3) and WIS. STAT. § 767.89(1) were in effect prior to *Amber J.F.*, *Mayonia M.M.*, and *Chad M. G.* Thus, Kristopher M.W. argues, there was already legislation establishing that paternity determinations are final prior to our allowing subsequent paternity actions by unrepresented children.[7] We agree that this negates Daniel's argument that WIS. STAT.

---

[6] The three cases Daniel cites determined that issue or claim preclusion would not bar a subsequent paternity action by a child unrepresented in the original action. *See Amber J.F. v. Richard B.*, 205 Wis. 2d 510, 557 N.W.2d 84 (Ct. App. 1996), *Mayonia M.M. v. Keith N.*, 202 Wis. 2d 460, 551 N.W.2d 31 (Ct. App. 1996), and *Chad M. G. v. Kenneth J. Z.*, 194 Wis. 2d 689, 535 N.W.2d 97 (Ct. App. 1995). While Daniel argues that these cases have been overruled, he does not argue that issue or claim preclusion bar Kristopher M.W.'s argument that Daniel is his father. Instead, Daniel argues only that the statutes dictate that the 2001 court order is a binding determination of paternity. We therefore do not address the applicability of issue or claim preclusion.

[7] Daniel does not address this argument in his reply brief.

§ 767.805(5)(b) changed the law to preclude any relitigation of paternity for children unrepresented in original paternity actions. Accordingly, we reject Daniel's argument that Kristopher M.W. may not assert in this case, for the first time, that Daniel is his father. We are left, then, with only the court's factual finding, based on the Michigan Affidavit of Parentage, that Daniel is Kristopher M.W.'s father. We have no basis to disturb that finding, and therefore affirm.

*By the Court.*—Judgment affirmed.