Clifford Muchow, Individually and as Personal Representative of the Susan B. Muchow Estate, and Carol Muchow, Plaintiffs-Appellants,

Electronic Data Systems Corporation, Subrogated Party-Plaintiff-Appellant,

v.

Richard Goding, and United Security Insurance Company, and American Family Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 94–0160. Submitted on briefs September 14, 1994.—Decided December 7, 1995.*

(Also reported in 544 N.W.2d 218.)

609

610

For the plaintiffs-appellants the cause was submitted on the brief of *Richard R. Grant* of *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville.

For the defendants-respondents, Richard Goding and United Security Insurance Company, the cause

was submitted on the brief of *Francis J. Slattery* of *Hughes, Mathewson, Carns & Slattery* of Oshkosh.

For the defendant-respondent, American Family Mutual Insurance Company, the cause was submitted on the brief of *Mark A. Schulz* of *Hunsader & Schulz, S.C.* of Janesville.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. Clifford Muchow, individually and as the personal representative of the Susan B. Muchow estate, and Carol Muchow, appeal from a summary judgment entered by the Rock County circuit court dismissing their complaint against Richard Goding, American Family Mutual Insurance Company (American Family) and United Security Insurance Company (USIC). Electronic Data Systems Corporation (EDS), a subrogated party-plaintiff, appeals from the same order. We affirm in part and reverse in part and remand for further proceedings.

## 1. BACKGROUND AND ISSUES

The Muchows are Susan's parents. She died several days after an automobile accident in Dodge County in September 1988, survived by her parents and leaving no spouse or children. Susan was a passenger in an automobile operated by Michael Lentz and insured by Dairyland Insurance Company (Dairyland) with limits of $25,000/$50,000. Lentz died in the accident. American Family had issued an underinsured motorist (UIM) policy with $50,000/$100,000 limits to Susan. EDS was Susan's health insurer. EDS paid $44,930.34 for Susan's medical expenses, and it asserts a subrogation claim for that amount. Richard Goding operated the automobile which collided with the Lentz automo-

617

bile. Richard's wife, Patricia, was injured while a passenger in the vehicle. USIC insured the Goding vehicle, and its liability limits are $250,000 for bodily injuries to each person and $500,000 for each accident.

Before stating the issues, we review the procedural history. That history involves prior actions in Fond du Lac County and the action in Rock County which resulted in these appeals.

The Godings brought the prior actions in 1989. Patricia Goding commenced her action in Fond du Lac County against Michael Lentz's insurer, Dairyland, and Richard Goding's insurer, USIC. Richard Goding commenced his actions in that county against Dairyland. The two actions were consolidated, and we refer to them as the prior or Fond du Lac action.

In early 1990, Dairyland filed a third-party complaint against the estate of Susan Muchow in the prior action. The third-party complaint alleged that the estate had claimed entitlement to payment from Dairyland, the total value of all claims against Dairyland exceeded its $25,000/$50,000 policy limits, and Dairyland was in doubt as to which parties were entitled to the policy proceeds. Dairyland paid the $50,000 into court and prayed, among other things, that "all other parties be required to interplead and settle among themselves their rights" to the policy proceeds.

Attorney Grant wrote to counsel for Dairyland, thanking him for an extension to answer Dairyland's third-party complaint against the estate. Grant wrote,

> My clients, Susan Muchow's parents and her estate, are limited to the $25,000 single person claim limit, which would still leave $25,000 available to the Goding family. I am contacting the attorneys for each of the Godings to see if we can agree and pay out that part of the case immediately.

618

No other persons were made parties to the prior action. In April, all parties to the action entered a stipulation which included a release. On April 26, 1990, attorney Grant signed the stipulation on behalf of the estate. The trial court entered an order on the stipulation "for Distribution of Settlement and Partial Dismissal."[1]

Nothing in the stipulation, release or order describes whose claims (other than the estate's) are covered by Dairyland's $25,000 payment to Susan's estate. The documents make no reference to Susan's parents, to her health insurer, EDS, or to American Family, the UIM carrier. The estate reserved no rights. In accordance with the stipulation, Dairyland paid $25,000 to the Muchow estate and the remaining $25,000 on its policy limit to Patricia and Richard Goding. How the Muchow estate disbursed its $25,000 is not of record.

In 1991 Clifford Muchow, individually and as personal representative of the estate, Carol Muchow, and EDS, as a subrogated plaintiff, commenced this action in Rock County against Richard Goding and USIC, his insurer, and against American Family, the UIM carrier

[1] The order provides:

[T]he Clerk of Courts shall distribute the $50,000.00 held by its office as set forth herein, and all claims of relief and causes of action on the part of any party against Dairyland Insurance Company and/or the Estate of Michael S. Lentz and the claims of third party plaintiffs Dairyland Insurance Company against third party defendant, Estate of Susan B. Muchow are hereby dismissed on the merits, without further notice or cost to any party without prejudice to any claims of Patricia A. Goding and/or Richard Goding against United Security Insurance Company with respect to the accident of September 25, 1988, under the liability coverage provisions and/or the underinsured motorist policy provisions of the United Security Insurance Company policy insuring the Goding automobile on the date of the accident of September 25, 1988.

on the policy issued to Susan. Attorney Grant signed the complaint as attorney for the plaintiffs. The complaint alleges that EDS, as Susan's health insurer, is subrogated to her rights arising out of the $44,930.34 in benefits it paid for her. Her parents alleged that they have lost her society and companionship, she probably would have contributed to their support, and they have suffered a pecuniary loss. They also allege they paid her funeral and related expenses, and medical expenses.

Defendants moved to change venue to Fond du Lac County. The trial court denied the motion. Defendants later moved for summary judgment dismissing the Rock County action. When granting summary judgment dismissing the complaint as to all defendants, the court said that all claims should have been consolidated in the Fond du Lac action under § 895.04(3), STATS. The court added, without further analysis, that the issues are for the court of appeals to resolve. This appeal followed entry of judgment dismissing the complaint.

We deem the issues to be: (1) whether the Fond du Lac County order bars the Rock County action because of res judicata or collateral estoppel; (2) whether § 895.04(3), STATS., obligated the personal representative of the Susan Muchow estate to assert in the prior action all claims arising out of her death, including claims not belonging to the estate; (3) whether § 803.03(2)(a), STATS., obligated the personal representative in the prior action to join the parents, EDS and American Family; (4) whether the Rock County court should have consolidated this action with the Fond du Lac action and changed venue to Fond du Lac County; (5) whether the release and order entered in the Fond du Lac County action released the estate, the claims of

the Muchow parents, and the EDS claim against Godings, USIC and American Family; (6) whether factual issues exist which must be tried between the Muchow parents, the estate and EDS, on one hand, and American Family, on the other hand, regarding the UIM notice required by *Vogt v. Schroeder*, 129 Wis. 2d 3, 383 N.W.2d 876 (1986).

We conclude that res judicata and collateral estoppel do not protect the defendants in the Rock County action, the personal representative had no duty to assert in the prior action all claims arising out of Susan's death, failure to change venue and order consolidation was not error, and the estate has abandoned its claims against Goding for Susan's conscious pain and suffering and wage loss and its UIM claim against American Family. Whether the release and order in the prior action discharged the parents' claims depends on the intended scope of the release, a factual issue for the trial court. The release does not affect EDS's claim against Goding and his insurer. The Muchow parents never acquired a UIM claim against American Family. EDS's UIM claim remains intact against American Family. We therefore affirm in part and reverse in part and remand for further proceedings.

We issue caveats. Like the parties, we refer interchangeably to the Muchow estate and the personal representative of the estate. It is sometimes convenient to refer to one or the other. We confine our discussion to the issues directly related to the stipulation and release and to the order dismissing the complaint. For example, we have not touched conflict of interest issues.

## 2. SCOPE OF REVIEW

When, as here, the trial court rendered a summary judgment, our review is de novo. Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS.

## 3. RES JUDICATA AND COLLATERAL ESTOPPEL

Defendants assert that the Fond du Lac order dismissing the Muchow estate's claim against Dairyland bars this action by the parents of Susan Muchow, the personal representative of her estate and EDS against Richard Goding and his liability insurer, USIC, and against American Family. Defendants assert res judicata and collateral estoppel as defenses. Whether res judicata and collateral estoppel apply to a given set of facts is a question of law which we review de novo. *A.B.C.G. Enterprises v. First Bank Southeast,* 184 Wis. 2d 465, 472, 515 N.W.2d 904, 906 (1994).

The doctrine of res judicata makes a final judgment conclusive in all subsequent actions between the same parties as to all matters which were or which might have been litigated in former proceedings. *A.B.C.G. Enterprises,* 184 Wis. 2d at 472-73, 515 N.W.2d at 906. Res judicata applies not only to the parties but their privies. *Universal Die & Stamping v. Justus,* 174 Wis. 2d 556, 562, 497 N.W.2d 797, 800 (Ct. App. 1993).

However, Richard Goding, USIC, Goding's insurer, and American Family were not privy to any of

the plaintiffs or Dairyland. Dairyland had no connection whatever with any of the defendants. Dairyland was the liability insurer on the Lentz vehicle. Because the order dismissed the claims of the Muchow estate against Dairyland, the order may be res judicata as to the Lentz estate, but neither Dairyland nor the Lentz estate is a party to the Rock County action.

It is immaterial that the various defendants in the Rock County action could have been brought into the prior action. The fact is they were not. And because defendants were not parties in the prior action or privy to parties in that action, it is immaterial that various matters pertinent to defendants might have been litigated in that proceeding, had they been made parties to it.

██

Collateral estoppel may be used offensively or defensively. Offensive collateral estoppel occurs when the plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant. *Michelle T. v. Crozier*, 173 Wis. 2d 681, 684 n.1, 495 N.W.2d 327, 328 (1993). The defendants seek to use collateral estoppel defensively.

██

Defensive collateral estoppel cannot be used here. None of the plaintiffs has unsuccessfully litigated a claim against any of the defendants. Even assuming that settlement of the claims of the Muchow estate against Dairyland in the prior action was the functional equivalent of litigation, it cannot be said that the estate lost that litigation.

We conclude that neither res judicata nor collateral estoppel protects the defendants in this action.

### 4. DUTY TO ASSERT CLAIMS UNDER § 895.04(3), STATS.

American Family argues that § 895.04(3), STATS., required the personal representative of the Susan Muchow estate to assert in the prior action all claims arising from her death, including claims not owned by the estate. We disagree.

Section 895.04(3), STATS., provides:

> If separate actions are brought for the same wrongful death, they shall be consolidated on motion of any party. Unless such consolidation is so effected that a single judgment may be entered protecting all defendants and so that satisfaction of such judgment shall extinguish all liability for the wrongful death, no action shall be permitted to proceed except that of the personal representative.

██ The application of a statute is a question of law which we resolve de novo. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). The "wrongful death" referred to in § 895.04(3), STATS., is the statutory action in a wrongful death which belongs to the beneficiaries designated in § 895.04(2).[2]

Either the personal representative of a deceased person or the person or persons to whom the amount

---

[2] *See Truesdill v. Roach*, 11 Wis. 2d 492, 497-98, 105 N.W.2d 871, 874 (1960) (Section 331.04(3), STATS., 1959 [now § 895.04 (3), STATS.] must be read with § 331.04(1), STATS., 1959 [now § 895.04(1)], which refers to the "person to whom the amount recovered belongs" and that person or persons are designated in § 331.04(2), STATS., 1959, [now § 895.04(2)]).

recovered belongs may bring an action for the wrongful death of that person. Section 895.04(1), STATS. Had the personal representative of the estate of Susan Muchow brought that action, and had other actions been brought for the same wrongful death, § 895.04(3) would have required consolidation of the separate actions. However, even assuming that Dairyland's third-party complaint against the estate should be treated as an action brought by the personal representative for the wrongful death of Susan, because no other actions for her wrongful death were brought, § 895.04(3) does not apply.

██

Nothing in § 895.04(3), STATS., requires consolidation of actions other than separate actions brought for wrongful death. For that reason, § 895.04(3) does not compel a personal representative to bring actions on claims belonging to others arising out of the death of a deceased person.

### 5. JOINDER UNDER § 803.03(2)(a), STATS.

Section 803.03(2)(a), STATS., provides in pertinent part:

> A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim.

It is difficult to describe the estate as a "party asserting a claim for affirmative relief" in the prior action. The estate did not commence an action. It was

made an involuntary party to the Fond du Lac County action by Dairyland's third-party complaint.

Assuming, however, that § 803.03(2)(a), Stats., compelled the estate to comply within the prior action, Susan had incurred medical expenses, and her claim for her expenses passed to the estate by virtue of the survival statute, § 895.01, Stats. But when EDS paid Susan's medical expenses it became subrogated to her claim to the extent EDS paid her expenses. Consequently, assuming that § 803.03(2)(a) imposed an obligation on the estate in the prior action to join as parties all persons subrogated to the rights of Susan which passed to the estate, it should have named EDS as a party.

The estate did not do so, and the question is whether that leaves the defendants with a just complaint. We conclude it does not. EDS does not object that it was not joined. The defendants have shown no present harm to them from failure to join EDS.

American Family does not yet have a subrogation claim. Payment is the *sine qua non* for subrogation. *See Vogt v. Schroeder*, 129 Wis. 2d at 17 n.6, 19, 22 n.9, 383 N.W.2d at 882, 882, 883. As the *Vogt* court said, if a UIM insurer "wishes to protect its right of subrogation, it *must make payment* to the insured of its obligation under the policy in respect to underinsurance, and . . . *make payment of the underinsurance coverage* under the policy." *Id.* at 26, 383 N.W.2d at 885. (Emphasis added.) Having paid nothing on its UIM coverage, American Family presently holds nothing by way of subrogation, and joinder of that company was unnecessary under § 803.03(2)(a), Stats.

The Muchow parents have an independent claim based upon the wrongful death of their daughter. Their claim is separate and distinct from the claims of the estate to which Susan's claims have passed under the survival statute, § 895.01, STATS. *Weiss v. Regent Properties, Ltd.*, 118 Wis. 2d 225, 233, 346 N.W.2d 766, 770 (1984). Therefore, the parents' wrongful death claim does not require their joinder under § 803.03(2)(a), STATS. Section 803.03(2)(a) does not require the parents' joinder because their other claims are for medical expenses EDS did not pay and for funeral expenses and claims which are not derived from the principal claim of the estate.

We conclude that summary judgment dismissing the complaint cannot be predicated on failure to join parties in the prior action under § 803.03(2)(a), STATS.

## 6. CONSOLIDATION AND CHANGE OF VENUE

The Rock County court denied the defendants' motion to consolidate this action with the action in Fond du Lac County and to change venue to that county. The court said it was not satisfied that the change of venue and consolidation were necessary in the interest of justice or for the convenience of the parties or witnesses pursuant to § 801.52, STATS., or that it would be conducive to expedition or economy or furtherance of convenience or to avoid prejudice under § 805.05(2), STATS., "particularly in light of defense counsel informing the court that the Fond du Lac County action has now been settled and resolved."

Section 801.52, STATS., provides that the court may change the venue to any county in the interest of justice or for the convenience of the parties or witnesses. Sec-

tion 805.05(1), STATS., provides in substance that the court may consolidate actions. Both statutes vest the trial court with discretion. We review a discretionary ruling to determine whether the court exercised its discretion on the basis of facts of record and employed a reasonable rationale in accordance with the law. *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981).

■

The prior action had been dismissed long before the defendants moved for consolidation. When a trial court declines to consolidate an action with another which no longer exists, surely the court properly exercises its discretion. Because the Muchow parents reside in Rock County, the Godings reside in Fond du Lac County, the accident happened in Rock County, the deceased was hospitalized and died in Dane County and her estate is administered in Rock County, whether to retain venue in Rock County or change it to Fond du Lac County is a toss up. The trial court did not erroneously exercise its discretion when it declined to change venue to Fond du Lac County.

## 7. RELEASE AND ORDER

The defendants assert that the release and order in the Fond du Lac action released the claims of the Muchow estate, the Muchow parents and EDS against the Godings, USIC and American Family. We agree in part.

A. General Principles

■

The effect of a release of a claim against a particular person is a question of law. Before addressing that

question, however, a court must determine the intended scope of the release and instruments related to it. *Brown v. Hammermill Paper Co.*, 88 Wis. 2d 224, 237, 276 N.W.2d 709, 715 (1979). The stipulation contains the release, and because the order dismissing the claim of the Muchow estate against Dairyland implements the release, resolving the intended scope of the release resolves the scope of the order.

Intent is a fact seldom determinable on summary judgment. *Lecus v. American Mut. Ins. Co. of Boston*, 81 Wis. 2d 183, 190, 260 N.W.2d 241, 244 (1977). When a party's intent is the issue, "summary judgment is generally inappropriate." *State v. Better Brite Plating Inc.*, 160 Wis. 2d 809, 824, 466 N.W.2d 239, 247 (Ct. App. 1991). The *Brown* court affirmed the trial court's order denying summary judgment because factual findings were required involving the intended scope of the release. *Brown*, 88 Wis. 2d at 238, 276 N.W.2d at 715.

At common law, the unqualified release of one joint tortfeasor releases all joint tortfeasors. *Brown*, 88 Wis. 2d at 232, 276 N.W.2d at 712. Notwithstanding the common law rule, the intended scope of the release is a factual issue which must be resolved, even if the release given to one joint tortfeasor fails to reserve rights against other joint tortfeasors. *Brown*, 88 Wis. 2d at 237, 276 N.W.2d at 715. That intent must be resolved by the fact-finder. *Id.* at 238, 276 N.W.2d at 715.

B. Estate's Claims Against Goding, USIC and American Family

So far as is material to this appeal, the stipulation recited that the parties to it "are attempting to arrive at a settlement with respect to the claims of . . . the estate of Susan B. Muchow against Dairyland . . . ." It recited that upon payment of $25,000 to the Muchow estate and attorney Grant, and upon payment of $25,000 to Patricia and Richard Goding and their attorneys,

> [T]he said parties receiving payment hereby release Dairyland Insurance Company and/or the estate of Michael S. Lentz from any claims in the above-captioned matter . . . and that the Court may enter an order approving the stipulation and dismissing as parties to this action Dairyland Insurance Company and the estate of Susan B. Muchow. . . .

The stipulation failed to specify the nature of the "claim" or "claims" of the Muchow estate against Dairyland. However, the claims for Susan's conscious pain and suffering[3] and her wage loss belong to her estate by virtue of the survival statute, § 895.01, STATS. *Weiss*, 118 Wis. 2d 233, 346 N.W.2d at 770.

Shortly before the scheduled trial date and before the order granting summary judgment dismissing the complaint in the Rock County action, attorney Grant wrote to the trial court:

---

[3] Counsel for American Family submitted his affidavit incorporating a letter by a physician. The letter states, "There is no reason to believe that Susan suffered from conscious pain or suffering during her hospitalization . . . ." Section 802.08(3), STATS., provides that affidavits supporting a motion for summary judgment "shall set forth such evidentiary facts as would be admissible in evidence." The physician's letter is hearsay evidence and is inadmissible in evidence. We disregard it.

> One of the claims made by the Plaintiffs in this action is recovery for the estate of Susan B. Muchow. We have determined that we made a sufficient and appropriate recovery for the estate in the Fond du Lac County case and thus we will not, in the Rock County case, be pursuing any further claim on behalf of the estate.

■

Although the record contains no order dismissing the estate on the basis of Grant's letter, the only reasonable construction of the letter is that the Muchow estate has abandoned its claims in the Rock County action against Goding and his insurer. Because the letter advises the court that the estate had made a sufficient and appropriate recovery in the Fond du Lac action, the estate concedes that it has no UIM claim against American Family.

We affirm dismissal of the estate's complaint against Goding, USIC and American Family.

### C. Parents' Claims Against Goding and USIC

■

The wrongful death claim belongs to the Muchow parents as the appropriate beneficiaries specified in § 895.04(2), STATS. An action for wrongful death belonging to the beneficiaries "is separate and distinct from the survival action" under § 895.01, STATS., belonging to the estate. *Weiss*, 118 Wis. 2d at 233, 346 N.W.2d at 770.

■

The personal representative could have brought an action for Susan's wrongful death under § 895.04(1), STATS., and had it done so, it would have acted as agent for the parents. *Weiss*, 118 Wis. 2d at 230-31, 346 N.W.2d at 768-69. But nothing in the stipulation,

release or order tells us such is the case. As we have said, the settlement documents fail even to refer to the Muchow parents. Whether the personal representative intended to settle the wrongful death action as agent for the Muchow parents, and they intended that he act as agent, and whether the intended scope of the release bars the parents' action against Goding as a joint tortfeasor, are issues of fact for the trial court to resolve on remand.[4]

 The Muchow parents seek damages not only for loss of Susan's society and companionship but also for their pecuniary loss caused by her death. The personal representative could have brought an action for those damages. Section 895.04(1) and (4), STATS. Had he done so, because the claim for pecuniary loss belongs to the parents rather than the estate, the personal representative would have acted as agent for them. *Weiss*, 118 Wis. 2d at 232-33, 346 N.W.2d at 769 (estate cannot recover on its own behalf damages for pecuniary loss). Again, nothing in the stipulation or release shows that the personal representative acted as agent for the Muchow parents to assert the pecuniary loss claim, and whether that was the intent is for the trial court to determine on remand.

 The Muchow parents allege they paid medical expenses on behalf of Susan and her funeral bill. They own the claim for those expenses. Section 895.04(5), STATS., authorizes the personal representative of

---

[4] Attorney Grant's letter to counsel for Dairyland before the release was entered stating that the Muchow parents and the estate were his clients, does not conclusively determine the intended scope of the release. It is among the various facts the trial court will consider on remand.

Susan's estate to recover the reasonable cost of medical expenses and her funeral on behalf of the parents. But whether the personal representative intended to settle the claim for those expenses is a factual issue for the trial court. The values of those claims may be facts for the court to consider when determining that intent.

We conclude that the trial court erred when it dismissed the complaint of Susan's parents against Goding and USIC, his insurer.

### D. EDS Subrogation Claim Against Goding and USIC

We turn to the defendants' argument that the release bars the subrogation claims of EDS. We conclude it does not.

> Because an insured and a subrogated insurer each own separately part of the claim against the tortfeasor, a settlement or recovery by the insured operates only to satisfy a part of the claim owned by the insured. Because only the part of the claim owned by the insured is satisfied, the part of the claim owned by the subrogated insurer remains unsettled and may be sued upon by the subrogated insurer.

*Blue Cross v. Fireman's Fund,* 140 Wis. 2d 544, 549, 411 N.W.2d 133, 134-35 (1987). 

The supreme court modified *Blue Cross* in *Schulte v. Frazin,* 176 Wis. 2d 622, 637, 500 N.W.2d 305, 310-11 (1993). However, *Blue Cross* "still applies when a plaintiff and tortfeasor settle without involving the subrogated insurer and without submitting the issue of the subrogated insurer's rights to the circuit court." *Schulte,* 176 Wis. 2d at 635, 500 N.W.2d at 310. The

Muchow estate and Dairyland settled without involving EDS and without submitting the issue of EDS's rights to the Fond du Lac County court. Consequently, *Blue Cross* applies, and the estate's settlement with Dairyland does not affect EDS's subrogation rights.

We conclude that the trial court erred by dismissing EDS's subrogation claim against Goding and USIC.

### E. American Family UIM Coverage

American Family asserts that it had no knowledge and did not consent to the settlement in the prior action, and therefore the plaintiffs have forfeited its UIM coverage. The *Vogt* court held that an insured's acceptance of policy limits from an insurer and the insured's release of the tortfeasor which invalidates a UIM carrier's subrogation against the tortfeasor will cause the insured to lose its UIM coverage. 129 Wis. 2d at 25, 383 N.W.2d at 885. The *Vogt* court outlined a procedure to protect the UIM carrier's subrogation rights and yet permit partial settlements so that the injured person may receive at least some compensation at an early stage. The procedure includes notice to the UIM insurer of a proposed settlement and giving the insurer the opportunity to protect its potential subrogation rights when it pays UIM benefits before the insured releases the tortfeasor. *Id*. at 20-21, 383 N.W.2d at 883.

We need not review the notice issue. The estate has abandoned its claims, including its UIM claim. Susan's parents have no UIM rights against American Family. Susan's UIM right arose from her contract with American Family. Her UIM rights passed to her

estate and not to her parents. EDS's subrogation claim is unaffected by the settlement in the prior action, as we have explained. It follows that if the *Vogt* procedure was not followed, that does not affect the subrogation rights of EDS against American Family on the latter's UIM coverage.

We conclude that the trial court properly dismissed the complaint by the estate and the Muchow parents against American Family. It erred when it dismissed the complaint against American Family by EDS.

## 8. CONCLUSION

To recapitulate our disposition, the trial court properly dismissed the complaint of the Muchow estate. It erred by dismissing the complaint of the Muchow parents against Goding and his insurer. Whether the complaint should ultimately be dismissed as the parents' complaint against those defendants will turn on the court's factual findings on the intent of the personal representative and the parents regarding settlement of the parents' claims.

The trial court properly dismissed the complaint of the estate against American Family, the estate having abandoned its claims. It properly dismissed the complaint of the Muchow parents against American Family, since they have no UIM rights. The trial court should not have dismissed the EDS claims against American Family, because the claims of EDS are unaffected by the settlement in the prior action.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for further proceedings.